**\*\*E-filed 3/21/12\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GROSS MORTGAGE CORPORATION, | No. C 12-0650 RS |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND** |
| v. | |
| SABIR JAMIL AL-MANSUR, also known as RONALD M. POOLE, | |
| Defendant. | |
| _____ / | |

This action was initiated as an unlawful detainer in the limited jurisdiction division of the Alameda Superior Court, as Case No. RG 116103380.[1] Plaintiff seeks possession of real property it purchased at a foreclosure sale. Appearing *in pro se*, defendant Sabir Jamil al-Mansur, also known as Ronald M. Poole, removed the matter to this Court, asserting that "the complaint presents federal questions" and that a demurrer he filed raised questions of the parties' respective rights and duties under federal law. Plaintiff moves to remand, contending that there is no basis for federal

---

[1] Defendant also attached to his notice of removal certain pleadings from another action between the parties, Alameda Superior Court Case No. RG1160224. While his purpose in doing so is unclear, there is no dispute that the notice of removal applied to Case No. RG 116103380.

jurisdiction. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument, and the hearing set for April 5, 2012 is vacated.

The motion to remand is granted. Defendant contends the Court has federal question jurisdiction based on the matters he first raised by demurrer in state court and has since pleaded in a counterclaim filed here. The existence of federal question jurisdiction, however, is governed by the "well-pleaded complaint rule." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).[2] Under that rule, a federal question must be presented by what is or should have been alleged *in the complaint. Id.* The fact that a federal question may be implicated by matters raised in an answer (or demurrer) or counterclaim is insufficient. *Id.* at 831.[3] Defendant's conclusory assertion in his notice of removal that the complaint presents federal questions is unfounded. The complaint merely seeks possession, restitution, and damages under the provisions of California state law applicable to unlawful detainer actions.

Defendant's alternative argument that removal was proper based on diversity of citizenship between the parties also fails. Even assuming the amount in controversy requirement is satisfied, there is no dispute that defendant is a citizen and resident of California. The removal therefore contravenes the provision of 28 U.S.C. § 1441(b) that precludes removal where any defendant is a citizen of the state in which the action was brought (the "no local defendant rule"). While removal in violation of the no local defendant rule can be waived by a plaintiff's failure to seek remand, here plaintiff filed a timely remand motion.

Accordingly, there is no basis for jurisdiction in this forum. The action is hereby remanded to Alameda Superior Court. Defendant's application for *in forma pauperis* status is denied as moot, and the Clerk shall close this file.

---

[2] The rule applies equally to evaluating the existence of federal questions in cases brought initially in this court and in removed cases. *Id.* at n. 2

[3] Defendant is correct that a federal court may have *supplemental* jurisdiction over state law claims where there is a sufficient relationship to the federal claims. There must be a basis for asserting jurisdiction over the federal claims in the first instance, however. Defendant is also correct that neither the *Rooker-Feldman* doctrine, nor the Anti-Injunction Act, both of which plaintiff cite in its remand motion, have any applicability here. Defendant is attempting to *remove* a state court proceeding to this forum, not attack a state court judgment or enjoin a state court action. Nevertheless, the mere inapplicability of those rules does not create a basis for jurisdiction.

1  IT IS SO ORDERED.

3  Dated: 3/21/12

   _____
   RICHARD SEEBORG
   UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Sabir Jamil Al-Mansur
2419 Market Street
Oakland, CA 94607

DATED: 3/21/12

/s/ Chambers Staff
Chambers of Judge Richard Seeborg